(ANx), CLOSED, DISCOVERY, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Southern Division - Santa Ana)
### CIVIL DOCKET FOR CASE #: 8:08-cv-00156-AG-AN

**08 CV 2150**

Xsunx, Inc. v. Wharton Capital Partners, LTD et al

Assigned to: Judge Andrew J. Guilford
Referred to: Magistrate Judge Arthur Nakazato
Cause: 28:1441 Notice of Removal - Breach of Contract

Date Filed: 02/11/2008
Date Terminated: 02/26/2008
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

## Plaintiff

**Xsunx, Inc**
*a Colorado corporation*

represented by **Judith L Meadow**
Russ August & Kabat
12424 Wilshire Blvd, Ste 1200
Los Angeles, CA 90025-1046
310-826-7474
Email: jmeadow@raklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Wharton Capital Partners, LTD**
*a New York corporation*

represented by **Judith L Meadow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A Floratos**
Floratos Loll & Devine
18881 Von Karman Ave
Ste 220
Irvine, CA 92612
949-553-1910
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

I hereby attest and certify on 2/26/08
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1079

## Defendant

**Wharton Capital Markets LLC**
*a New York limited liability company*

represented by **Judith L Meadow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A Floratos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Capitoline Financial Group LLC**
*a Delaware corporation*

represented by **William A Floratos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**DOES**
*1 through 50, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2008 | 1 | NOTICE OF REMOVAL from Orange County Superior Court, case number 07CC12772 with confromed copy of summons and complaint. Case assigned to Judge Andrew J. Guilford, Discovery to Magistrate Judge Arthur Nakazato. (Filing fee $ 350 paid ), filed by defendants Wharton Capital Partners, LTD, Wharton Capital Markets LLC.(klg) Additional attachment(s) added on 2/14/2008 (klg, ). (Entered: 02/14/2008) |
| 02/11/2008 | 2 | CERTIFICATION of Interested Parties filed by Defendants Wharton Capital Partners, LTD, Wharton Capital Markets LLC. (klg) (Entered: 02/14/2008) |
| 02/11/2008 | | FAX number for Attorney Judith L Meadow is 310-826-6991. (klg) (Entered: 02/14/2008) |
| 02/11/2008 | | FAX number for Attorney William A Floratos is 949-533-0750. (klg) (Entered: 02/14/2008) |
| 02/15/2008 | 3 | NOTICE OF MOTION AND MOTION to Dismiss Case *or Stay* filed by defendants Wharton Capital Partners, Ltd. and Wharton Capital Markets LLC Wharton Capital Partners, LTD.Motion set for hearing on 3/10/2008 at 10:00 AM before Judge Andrew J. Guilford. (Meadow, Judith) (Entered: 02/15/2008) |
| 02/15/2008 | 4 | MEMORANDUM in Support of MOTION to Dismiss Case *or Stay*3 filed by Defendant Wharton Capital Partners, LTD. (Attachments: # 1 Declaration of Barry R. Minsky & Exhibits A-D)(Meadow, Judith) (Entered: 02/15/2008) |
| 02/15/2008 | 5 | NOTICE OF LODGING filed *of [Proposed] Order Granting Defendants' Motion to Dismiss or Stay* (Attachments: # 1 Proposed Order Exhibit A)(Meadow, Judith) (Entered: 02/15/2008) |
| 02/22/2008 | 6 | STIPULATION to Transfer Case to Southern District of New York filed by defendants Wharton Capital Partners, Ltd. and Wharton Capital Markets LLC Wharton Capital Partners, LTD. (Attachments: # 1 Proposed Order on Stipulation to Transfer of Action)(Meadow, Judith) (Entered: 02/22/2008) |
| 02/26/2008 | 7 | ORDER ON STIPULATION by Judge Andrew J. Guilford transferring case to SOUTHERN DISTRICT OF NEW YORK. Certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (rla) |

| | | |
|---|---|---|
| | | (Entered: 02/26/2008) |
| 02/26/2008 | 8 | TRANSMITTAL of documents (rla) (Entered: 02/26/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/26/2008 16:11:47 | | | |
| **PACER Login:** | us3877 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:08-cv-00156-AG-AN |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

1  RUSS, AUGUST & KABAT
   Judith L. Meadow, State Bar No. 089665
2  12424 Wilshire Boulevard, 12th Floor
   Los Angeles, California 90025
3  Telephone: (310) 826-7474
   Facsimile: (310) 826-6991
4  E-mail: jmeadow@raklaw.com

5  Attorneys for Defendants
   WHARTON CAPITAL PARTNERS LTD.
6  and WHARTON CAPITAL MARKETS LLC

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11  XSUNX, INC., a Colorado corporation,      Case No.   SACV08-00156 AG (ANx)

12
        Plaintiff,
13
                                              WHARTON CAPITAL PARTNERS
14      v.                                    LTD.'S AND WHARTON CAPITAL
                                              MARKETS LLC'S CERTIFICATION
15                                            AS TO INTERESTED PARTIES
    WHARTON CAPITAL PARTNERS,
16  LTD., a New York corporation;
    WHARTON CAPITAL MARKETS
17  LLC, a New York limited liability
    company; CAPITOLINE FINANCIAL
18  GROUP LLC, a Delaware corporation;
    and DOES 1 through 50,
19
20  inclusive,

21      Defendants.

22

23      The undersigned, counsel of record for defendants Wharton Capital Partners

24  Ltd. and Wharton Capital Markets LLC, certifies that as of this date, other than the

25  named parties certifies that the following listed entities have a direct pecuniary

26  interest in the outcome of this case:

27      Wharton Capital Partners Ltd.

28  2901-001 Certificate of Int. Parties              1
    ─────────────────────────────────────────────────────
    WHARTON CAPITAL PARTNERS LTD.'S AND WHARTON CAPITAL MARKETS LLC'S
    CERTIFICATION AS TO INTERESTED PARTIES

1    Wharton Capital Markets LLC

2    XsunX, Inc.

3    These representations are made to enable the Court to evaluate possible

4    disqualification or recusal.

5

6    DATED: February 11, 2008          RUSS, AUGUST & KABAT

7

8    By: _Judith L Meadow_

9                                       Judith L. Meadow
                                        Attorneys for Defendants
10                                      Wharton Capital Partners Ltd.
                                        and Wharton Capital Markets LLC

11   OLSHAN GRUNDMAN FROME
     ROSENZWEIG & WOLOSKY LLP
12   Jeffrey A. Udell
     Park Avenue Tower
13   65 East 55th Street
     New York, New York 10022
14   Tel.: (212) 451-2300
     Fax: (212) 451-2222
15   E-Mail: judell@olshanlaw.com
     *Of Counsel*
16

17

18

19

20

21

22

23

24

25

26

27

28

2901-001 Certificate of Int. Parties

2

WHARTON CAPITAL PARTNERS LTD.'S AND WHARTON CAPITAL MARKETS LLC'S
CERTIFICATION AS TO INTERESTED PARTIES

RUSS, AUGUST & KABAT

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 12424 Wilshire Boulevard, 12th Floor, Los Angeles, California 90025.

On February 11, 2008, I caused to be served the foregoing document described as **WHARTON CAPITAL PARTNERS LTD.'S AND WHARTON CAPITAL MARKETS LLC'S CERTIFICATION AS TO INTERESTED PARTIES** on the interested parties in this action

☑ by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached Service List.

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☑ **BY MAIL**

☐ I deposited such in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☑ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE**

☐ I delivered such envelope by hand to the offices of the addressee.

☐ State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☑ Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 11, 2008, at Los Angeles, California.

Linda P. Ahles

1

## SERVICE LIST

2

| William A. Floratos, Esq. | *Attorney for Plaintiff XSUNX, INC.* |
|---|---|
| FLORATOS, LOLL & DEVINE<br>A Professional Law Corporation<br>18881 Von Karman, #220<br>Irvine, CA 96212<br><br>Tel: (949) 553-1910<br>Fax: (949) 553-0750 | |
| Jeffrey A. Udell<br>OLSHAN GRUNDMAN FROME<br>ROSENZWEIG & WOLOSKY LLP<br>65 East 55th Street<br>New York, New York 10022<br><br>Tel: (212) 451-2300<br>Fax: (212) 451-2222 | *Co-Counsel for Defendants WHARTON CAPITAL PARTNERS, LTD., AND WHARTON CAPITAL MARKETS LLC* |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT
Judith L. Meadow, State Bar No. 089665
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
E-mail: jmeadow@raklaw.com

Attorneys for Defendants
WHARTON CAPITAL PARTNERS LTD.
and WHARTON CAPITAL MARKETS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| XSUNX, INC., a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>WHARTON CAPITAL PARTNERS, LTD., a New York corporation; WHARTON CAPITAL MARKETS LLC, a New York limited liability company; CAPITOLINE FINANCIAL GROUP LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. SACV08-00156 (AG (ANx)<br><br>[Assigned to The Honorable Andrew Guilford]<br><br>**DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY**<br><br>**Hearing**<br>Date: March 10, 2008<br>Time: 10:00 a.m.<br>Ctrm: 10D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 10, 2008, at 10:00 a.m., or at such other date and time as the Court may order, in the above-referenced courtroom before the Honorable Andrew Guilford, located at 411 West 4th Street, Santa Ana, California, 92701, Defendants Wharton Capital Partners, Ltd. and Wharton Capital Markets LLC (collectively, "Wharton"), will move, and hereby does move the Court to dismiss or stay this action.

1

2901-001 Nt MT to Dismiss-Stay.doc

DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY

RUSS, AUGUST & KABAT

1    This motion is made on the grounds XsunX's California breach of contract
2    claim against Wharton should be dismissed for failure to state a claim because
3    Wharton was not a party to the purported Nondisclosure Agreement and XsunX
4    alleges no facts in its California Complaint that would subject Wharton to liability
5    under that agreement.  Further, the motion is made on the grounds that XsunX's
6    entire complaint should be dismissed in favor of Wharton's New York Complaint
7    because Plaintiff's claim for declaratory relief was merely filed in anticipation of
8    Wharton's action for damages regarding the very same issues.

9    Alternatively, the Court should stay this case pending resolution of
10    Wharton's New York action.

11    This motion is based upon the instant notice of motion and motion in
12    addition to the accompanying Memorandum of Points and Authorities in support of
13    the motion, the accompanying declaration of Barry R. Minsky, the proposed order
14    granting this motion, filed herewith, and on all other oral and documentary
15    evidence and argument as may be submitted at or prior to the hearing on this
16    matter.

17    DATED:  February 15, 2008                RUSS, AUGUST & KABAT

18

19                                            By: _Judith L. Meadow_
20                                                Judith L. Meadow
                                                  Attorneys for Defendants
21                                                Wharton Capital Partners Ltd.
                                                  and Wharton Capital Markets LLC

22    OLSHAN GRUNDMAN FROME
      ROSENZWEIG & WOLOSKY LLP
23    Jeffrey A. Udell
      Park Avenue Tower
24    65 East 55th Street
      New York, New York 10022
25    Tel.: (212) 451-2300
      Fax: (212) 451-2222
26    E-Mail: judell@olshanlaw.com
      *Of Counsel*
27

28

2901-001 Nt.MT to Dismiss-Stay.doc                2

**DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL
MARKETS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per General Order No. 07-08 Section III.C on February 15, 2008.  Any other counsel of record will be served via First Class U.S. Mail on this same date.

By:   /s/ Judith L. Meadow

Service by U.S. mail to:

William A. Floratos, Esq.
FLORATOS, LOLL & DEVINE
A Professional Law Corporation
18881 Von Karman, #220
Irvine, CA  96212

*Attorney for Plaintiff XSUNX, INC.*

1   RUSS, AUGUST & KABAT
    Judith L. Meadow, State Bar No. 089665
2   12424 Wilshire Boulevard, 12th Floor
    Los Angeles, California 90025
3   Telephone: (310) 826-7474
    Facsimile: (310) 826-6991
4   E-mail: jmeadow@raklaw.com

5   Attorneys for Defendants
    WHARTON CAPITAL PARTNERS LTD.
6   and WHARTON CAPITAL MARKETS LLC

7

8             **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10              **SOUTHERN DIVISION**

| | |
|---|---|
| 11  XSUNX, INC., a Colorado corporation, | Case No. SACV08-00156 (AG (ANx) |
| 12 | |
|            Plaintiff, | [Assigned to The Honorable Andrew Guilford] |
| 13 | |
| 14       v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON** |
| 15 | **CAPITAL PARTNERS, LTD.'S** |
| 16  WHARTON CAPITAL PARTNERS, LTD., a New York corporation; | **AND WHARTON CAPITAL MARKETS LLC'S MOTION TO** |
| 17  WHARTON CAPITAL MARKETS LLC, a New York limited liability | **DISMISS OR STAY** |
| 18  company; CAPITOLINE FINANCIAL | |
| 19  GROUP LLC, a Delaware corporation; and DOES 1 through 50, | **Hearing** <br> Date: March 10, 2008 |
| 20  inclusive, | Time: 10:00 a.m. <br> Ctrm: 10D |
| 21            Defendants. | |

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

*(left margin, vertical)* RUSS, AUGUST & KABAT

# Table of Contents

| | | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| JURISDICTION | | 2 |
| STATEMENT OF FACTS | | 2 |
| | A. The Relevant Parties | 2 |
| | B. Allegations of the California Complaint | 3 |
| | C. Claims Alleged in the California Complaint | 4 |
| PROCEDURAL HISTORY | | 5 |
| | A. Proceedings in this Action | 5 |
| | B. Proceedings in the Related New York Action | 5 |
| | C. Motion to Dismiss | 5 |
| ARGUMENT | | 6 |
| I. | THE FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE WHARTON DEFENDANTS | 6 |
| | A. Applicable Law | 6 |
| |     1. Rule 12(b)(6) Standard | 6 |
| |     2. Breach of Contract | 7 |
| | B. Wharton is Not Subject to the Terms of the Non-Disclosure Agreement | 8 |
| |     1. Wharton Is Not a Party to the Non-Disclosure Agreement | 8 |
| |     2. Plaintiff Fails to Plead Facts Sufficient to Show that the Only Signatory to the Non-Disclosure Agreement -- Capitoline -- Is an Agent or Alter-Ego of Wharton | 9 |
| | C. In Any Event, Neither Wharton Nor Capitoline Breached the NDA | 11 |
| II. | THIS CASE SHOULD BE DISMISSED OR STAYED PENDING RESOLUTION OF THE NEW YORK ACTION | 12 |
| | A. Applicable Law | 12 |
| | B. The California Complaint Should Be Dismissed in Favor of the New York Action | 14 |

RUSS, AUGUST & KABAT

2901-001 P&A MT to Dismiss-Stay.doc

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

## Table of Contents

|  |  | Page |
|---|---|---|
| 1. | The New York and California Actions Cover the Same Facts ................................................................ | 15 |
| 2. | Dismissal of this Anticipatory Action is Appropriate ....... | 15 |
| III. | CONCLUSION.................................................................... | 17 |

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

# Table of Authorities

**Page**

**Cases**

1

2  *Alltrade, Inc. v. Uniweld Products, Inc.*
        946 F.2d 622 (9th Cir. 1991) ................................................................. 13

3

4  *Amerada Petroleum Corp. v. Marshall*
        381 F.2d 661 (5th Cir. 1967) ........................................................... 13, 16

5  *Bell Atlantic Corp. v. Twombly*
        --- U.S. ----, 127 S. Ct. 1955 (2007) ................................................ passim

6

7  *Brown v. Adidas Int.*
        938 F. Supp. 628 (S.D. Cal. 1996) ........................................................ 7, 8

8  *Choyce v. Saylor*
        2007 WL 3035406, (N.D. Cal. 2007) ......................................................... 6

9

10  *Clemens v. American Warranty Corp.*
        193 Cal.App.3d 444 (Cal. Ct. App. 1987) ................................................. 8

11  *Computer Sciences Corp. Derivative Litigation*
        244 F.R.D. 580 (C.D. Cal. 2007) ........................................................... 10

12

13  *Continental Cas. Co. v. Robsac Indus.*
        947 F.2d 1367 (9th Cir. 1991) ......................................................... 14, 15

14  *Currency Conversion Fee Antitrust Litigation*
        265 F. Supp. 2d 385 (S.D.N.Y. 2003) ..................................................... 10

15  *DeFeo v. Proctor & Gamble Co.*
        831 F.Supp. 776 (N.D. Cal. 1993) ............................................. 13, 14, 15

16

17  *Dumas v. Major League Baseball Properties*
        52 F. Supp. 2d 1183 (S.D. Cal. 1999) .............................. 13, 14, 15, 16

18

19  *Durning v. First Boston Corp.*
        815 F.2d 1265 (9th Cir.1987) ................................................................. 7

20  *Gen-Probe Inc. v. Center for Neurologic Study*
        853 F. Supp. 1215 (S.D. Cal. 1993) ........................................................ 8

21

22  *Gribin v. Hammer Galleries*
        793 F. Supp. 233 (C.D. Cal. 1992) ..................................................... 14, 15

23  *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness*
        179 F.R.D. 264 (C.D. Cal. 1998) ........................................................ 13, 14

24

25  *Hokama v. E.F. Hutton & Co., Inc.*
        566 F. Supp. 636 (C.D. Cal. 1983) ........................................................ 10

26  *Informix Software, Inc. v. Oracle Corp.*
        927 F. Supp. 1283 (N.D. Cal. 1996) ........................................................ 7

27

28

RUSS, AUGUST & KABAT

2901-001 P&A MT to Dismiss-Stay.doc

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS
WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS
LLC'S MOTION TO DISMISS OR STAY**

## Table of Authorities

**Page**

*Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, 2002 WL 432390 (S.D.N.Y. Mar. 20, 2002) .......... 10

*Money Matters Mgmt. v. Niche Marketing, Inc.* 2007 WL 3052996 (S.D. Cal. 2007) .......... 8

*Neilson v. Union Bank of California* 290 F. Supp. 2d 1101 (C.D. Cal. 2003) .......... 10

*Reichert v. General Ins. Co. of America* 68 Cal.2d 822 (1968) .......... 7

*Soghomonian v. U.S.* 82 F.Supp.2d 1134 .......... 12

*Ward v. Follet Corp.* 158 F.R.D. 645 (N.D. Cal. 1994) .......... 13, 16

*Western Mining Council v. Watt* 643 F.2d 618 (9th Cir. 1981) .......... 7

**Statutes**

28 U.S.C. § 1332 .......... 2

28 U.S.C. § 1441, *et seq*. .......... 2

Fed. R. Civ. P. 12(b)(6) .......... 5, 6

Fed. R. Civ. P. 8(a) .......... 6

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004) .......... 7

RUSS, AUGUST & KABAT

1    Defendants Wharton Capital Partners, Ltd. and Wharton Capital Markets

2    LLC (collectively, "Wharton"), by their counsel, respectfully submit this

3    memorandum of law in support of their motion to dismiss or stay this action.

4                        **PRELIMINARY STATEMENT**

5    The dispute in this case arose when the plaintiff, XsunX, Inc. ("XsunX"),

6    wrongfully refused to pay the Wharton defendants their justly-earned

7    compensation for securing $21,000,000 worth of financing for plaintiff. Once it

8    became clear to the plaintiff that it would be sued by Wharton in New York -- the

9    locus of all the activity in this case -- plaintiff XsunX filed a complaint (the

10   "California Complaint") in this action in the Superior Court of California. That

11   plaintiff's action is a cynical attempt to forum-shop and manufacture jurisdiction is

12   evinced by several factors. First, rather than serve its California Complaint upon

13   Wharton after filing, plaintiff XsunX surreptitiously held on to its complaint for *six*

14   *weeks* after it was filed. In fact, XsunX has still yet to serve defendant Capitoline

15   Financial Group LLC in this matter. Second, XsunX served its own complaint

16   only after it was served with Wharton's complaint for damages against XsunX,

17   filed in the United States District Court for the Southern District of New York (the

18   "New York Complaint"). Third, unlike Wharton's New York Complaint, which

19   seeks damages for XsunX's wrongful conduct, XsunX's two-count California

20   Complaint seeks merely a declaratory judgment that it does not owe money to

21   Wharton and also frivolously alleges that Wharton breached a non-disclosure

22   agreement ("NDA") to which Wharton was not even a party.

23   As discussed more fully herein, this Court should dismiss XsunX's breach of

24   contract claim against Wharton, pursuant to Rule 12(b)(6), as it is indisputable that

25   Wharton was *not* a party to the purported NDA and XsunX alleges no facts in its

26   California Complaint that would subject Wharton to liability under that agreement.

27   Indeed, the California Complaint does not even allege that Wharton or Capitoline

28

2901-001 P&A MT to Dismiss-Stay.doc                1

1  ever received any material under the NDA or, if they did, what that material was.

2  For these reasons, plaintiff's breach of contract claim should be dismissed for

3  failure to state a claim upon which relief may be granted.

4      In addition to dismissing the breach of contract claim, this Court should

5  dismiss the entire California Complaint outright, in favor of Wharton's New York

6  Complaint.  It is clear that plaintiff's claim for declaratory relief was merely filed

7  in anticipation of Wharton's action for damages regarding the very same issues.

8  Under these circumstances, this Court should dismiss the California Complaint, or

9  alternatively stay this case, pending resolution of Wharton's New York Action.

### JURISDICTION

11      This Court has removal jurisdiction to hear this matter pursuant to 28

12  U.S.C. § 1441, *et seq*. Original jurisdiction to hear this civil action exists with this

13  Court, pursuant to 28 U.S.C. § 1332, by virtue of: (1) the complete diversity of

14  citizenship among and between the plaintiff and each of the defendants and (2) an

15  amount in controversy exceeding $75,000, exclusive of interest and costs.

### STATEMENT OF FACTS

17      The pertinent facts are drawn from the declaration of Barry Minsky, dated

18  February 14, 2008 (the "Minsky Declaration"), the documents attached thereto,

19  and all prior pleadings in this matter.

### A.    The Relevant Parties

Plaintiff XsunX is a publicly-traded company organized under the laws of
Colorado, with its principal place of business located in Orange County,
California.  (CA Cplt. ¶ 1.)[1]

RUSS, AUGUST & KABAT

---

[1] As cited herein: "CA Cplt." refers to the California Complaint; "NY Cplt." refers to the New York Complaint; and "Minsky Decl." refers to the Minsky Declaration.

2901-001 P&A MT to Dismiss-Stay.doc

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS
WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS
LLC'S MOTION TO DISMISS OR STAY**

Defendant Wharton Capital Partners, Ltd. is a privately-owned corporation organized and existing under the laws of the State of New York, with its principal place of business also in the State of New York. (CA Cplt. ¶ 2; Minsky Decl. ¶ 2.)

Defendant Wharton Capital Markets LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. (CA Cplt. ¶ 3; Minsky Decl. ¶ 3.) Its members are natural persons who reside in the State of New York. (Minsky Decl. ¶ 3.)

Defendant Capitoline Financial Group, LLC ("Capitoline") is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. (CA Cplt. ¶ 4.)

### B. Allegations of the California Complaint

In early 2006, XsunX and Wharton commenced discussions regarding XsunX's potential engagement of Wharton as a placement agent to raise capital for the benefit of XsunX. (CA Cplt. ¶ 10.) According to the California Complaint, although XsunX and Wharton exchanged several iterations of a "proposed engagement letter" (CA Cplt. ¶¶ 11-15), the parties "never concluded their negotiations" in that regard (CA Cplt. ¶ 26).

Meanwhile, according to the California Complaint, Wharton introduced XsunX to defendant Capitoline, "for the purpose of raising capital for the benefit of XsunX." (CA Cplt. ¶ 16.) Capitoline, in turn, introduced XsunX to Fusion Capital Partners, LLC ("Fusion"), as a potential funding source for XsunX (CA Cplt. ¶ 17.)

On May 11, 2006, XsunX and Capitoline entered into the NDA. (CA Cplt. ¶ 18, Ex. E.) The California Complaint further alleges, in conclusory fashion and without any foundation, that "[i]n entering into the NDA, Capitoline acted on its

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

own behalf and on behalf of Wharton as an affiliate and agent of Wharton." (CA Cplt. ¶ 18.)

Thereafter, in or about October 2007, XsunX successfully concluded a capital funding transaction with Fusion. (CA Cplt. ¶ 24.)

According to XsunX, even though it did not believe that it had any agreement in place with Wharton, it nonetheless "out of a good faith abundance of caution" approached Wharton in October 2007 "to inquire whether or not Wharton would claim a purported right to compensation" under the agreement with XsunX that XsunX contended did not exist. (CA Cplt. ¶ 25.)

After Wharton claimed a right to compensation (CA Cplt. ¶ 25), with which XsunX disagreed, XsunX filed the California Complaint "to enforce the terms of the NDA and resolve the claims of Wharton with regard to the proposed engagement letter" (CA Cplt. ¶ 29).

### C. Claims Alleged in the California Complaint

The California Complaint alleges two causes of action. First, it asserts a claim for breach of contract against Wharton and Capitoline for purported breach of the NDA. (CA Cplt. ¶¶ 30-35.) Although it fails to identify either what materials it allegedly transferred, when it transmitted them, or to whom, XsunX claims that it has "made a demand on Defendants under the NDA for the return of all records, reports, documents, and memoranda furnished by XsunX, but Defendants have failed and refused . . . to return the same." (CA Cplt. ¶ 31.)

Secondly, the California Complaint seeks a declaratory judgment that there is no enforceable agreement between XsunX and the defendants with regard to the Fusion transaction.

RUSS, AUGUST & KABAT

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

# PROCEDURAL HISTORY

### A.    Proceedings in this Action

XsunX filed the California Complaint on or about December 7, 2007 in the Superior Court of California, Orange County. Service of the California Complaint upon Wharton did not occur, however, until January 17, 2008. (Minsky Decl. ¶ 6.) On February 11, 2008, Wharton removed the California Complaint to this Court, pursuant to 28 U.S.C. §§ 1332 and 1446.

### B.    Proceedings in the Related New York Action

On January 3, 2008, before Wharton or Capitoline was served with the California Complaint and before it had any knowledge of its existence, Wharton commenced an action against XsunX in the United States District Court for the Southern District of New York. (Minsky Decl. ¶ 7, Ex. C.) Wharton's New York Complaint was served upon XsunX on January 14, 2008, before XsunX's California Complaint was served upon Wharton. (Minsky Decl. ¶ 7.) Wharton's claims assert breach of contract, declaratory judgment, specific performance, and unjust enrichment. (Minsky Decl., Ex. C.) The claims asserted in the New York Complaint are based upon the very same facts and circumstances as those at issue in the matter pending before this Court. Indeed, XsunX has acknowledged as much in its recent Form S-1, filed with the United States Securities and Exchange Commission ("SEC"). *See* Attached Ex. 1 (noting that Wharton's New York Action "stem[s] from the same matter" as that of the California Action).

### C.    Motion to Dismiss

Against this backdrop, Wharton seeks: (1) dismissal of the First Cause of Action of the California Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted; and (2)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

dismissal of this action in favor of Wharton's New York action, or, alternatively, a stay of this action pending resolution of the New York Action.

<u>ARGUMENT</u>

I. **THE FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE WHARTON DEFENDANTS**

A. **Applicable Law**

1. **Rule 12(b)(6) Standard**

XsunX's First Cause of Action in the California Complaint should be dismissed as against the Wharton defendants because XsunX has failed to allege facts sufficient to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

The minimum pleading requirements are set by Rule 8, which requires a complaint to include "a short and plain statement of the claim *showing that the pleader is entitled to relief*" in order to "give the defendant fair notice of what the plaintiff's claim is and the *grounds* upon which it rests." Fed. R. Civ. P. 8(a) (emphasis added).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); *Choyce v. Saylor*, 2007 WL 3035406, *1 (N.D. Cal. 2007). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *Choyce*, 2007 WL 3035406, *1.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

"Federal Rule of Civil Procedure 8(a)(2) requires a 'showing' that the plaintiff is entitled to relief, 'rather than a blanket assertion' of entitlement to relief." *Ball v. Johanns*, 2008 WL 269069, *1 (E.D. Cal. 2008) (*quoting Twombly*, 127 S. Ct. at 1965 n.3). "Though such assertions may provide a defendant with the requisite 'fair notice' of the nature of a plaintiff's claim, only factual allegations can clarify the 'grounds' on which that claim rests. *Id.* (*quoting Twombly*, 127 S. Ct. at 1965 n.3). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 127 S. Ct. at 1965 (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004). Rather, a complaint must proffer "enough facts to state a claim for relief that is *plausible* on its face. *Id.* (emphasis added).

Furthermore, for purposes of ruling on a motion to dismiss, the Court is under no obligation to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Brown v. Adidas Int.*, 938 F. Supp. 628, 634 (S.D. Cal. 1996) (*quoting Western Mining Council v. Watt*, 643 F.2d 618, 628 (9th Cir. 1981)). "Factual allegations can be disregarded [] if contradicted by the facts established by reference to documents attached as exhibits to the complaint." *Informix Software, Inc. v. Oracle Corp.*, 927 F. Supp. 1283, 1285 (N.D. Cal. 1996) (*citing Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

### 2.    Breach of Contract

To state a claim for breach of contract, a plaintiff must allege the following essential elements: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. General Ins. Co. of America*, 68 Cal.2d 822, 830 (1968).

2901-001 P&A MT to Dismiss-Stay.doc

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

**B.** **Wharton is Not Subject to the Terms of the Non-Disclosure Agreement**

Plaintiff alleges that under the NDA, the defendants "agreed that they would 'destroy, or return upon request of [XsunX], all records, reports, documents, and memoranda furnished [by XsunX] and will not make or retain any copy thereof.'" (CA Cplt. ¶ 30.) Plaintiff further alleges that it has made demand under the NDA for the return of all such materials, that defendants have failed to comply with plaintiff's demand, and that defendants thereby have breached the NDA. (*Id.* ¶¶ 31-33.) These allegations fall short on their face.

**1.** **Wharton Is Not a Party to the Non-Disclosure Agreement**

Perhaps the most fundamental flaw with plaintiff's allegation is that the Wharton defendants are simply not party to the NDA between XsunX and Capitoline. It is well-settled in California that "only a signatory to a contract may be liable for any breach." *Money Matters Mgmt. v. Niche Marketing, Inc.*, 2007 WL 3052996, *3 (S.D. Cal. 2007) (*quoting Clemens v. American Warranty Corp.*, 193 Cal.App.3d 444 (1987)); *Brown*, 938 F. Supp. at 633.

The NDA at issue is attached to the Complaint. (CA Cplt., Ex. E.) As such, it is properly subject to inspection by this Court on a motion under Rule 12(b)(6). *See Gen-Probe Inc. v. Center for Neurologic Study*, 853 F. Supp. 1215, 1218 (S.D. Cal. 1993). On its face, the NDA is an agreement solely between XsunX and Capitoline. It does *not* purport to bind the Wharton defendants as a contracting party and no Wharton signature appears on the face of the document. Under clearly-established California law, no claim for breach of contract can lie against the Wharton defendants under these circumstances because Wharton is simply not obligated under the agreement. *See, e.g.*, *Money Matters*, 2007 WL 3052996 at *3; *Gen-Probe Inc.*, 853 F. Supp. at 1218.

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

2.    **Plaintiff Fails to Plead Facts Sufficient to Show that the Only Signatory to the Non-Disclosure Agreement - - Capitoline -- Is an Agent or Alter-Ego of Wharton**

Apparently recognizing the glaring deficiency of its claim, XsunX alleges that the Wharton and Capitoline defendants were at all relevant times "agents" or "alter-egos" of each other, and thus each bound by the other's agreements with XsunX. (CA Cplt. ¶¶ 6, 7, 18.) Without offering any further support for these conclusory assertions, Plaintiff theorizes that when Capitoline signed the NDA, it was doing so on behalf of both itself and Wharton, as the two allegedly enjoyed a principal-agent or alter-ego relationship. (CA Cplt. ¶ 18.) These allegations fail as a matter of law.

In its Complaint, Plaintiff alleges that Defendants "were and are agents, servants, representatives, and/or employees of each of the other Defendants herein, and were at all times acting within the course and scope of such agency, representation and employment and with the permission and consent of each of said Defendants . . . . [,and each separate Defendant] was and is the alter ego of every other Defendant." (CA Cplt. ¶¶ 6, 7.) Specifically with regard to the NDA, plaintiff alleges that "Capitoline acted on its own behalf and on behalf of Wharton as an affiliate and agent of Wharton, and the NDA is therefore and thereby equally binding upon Capitoline, Wharton Capital Partners and Wharton Capital Markets." (CA Cplt. ¶ 18.)

These allegations of agency and alter-ego status are woefully inadequate to survive the instant motion under Rule 12(b)(6). At no point does the California Complaint assert the basis, if any, for the alleged agency relationship between the defendants. Plaintiff asserts no agreement, conversation, or set of circumstances that could lead a reasonable person to believe that an agency or alter-ego relationship existed as between Capitoline and the Wharton defendants.

2901-001 P&A MT to Dismiss-Stay.doc

9

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65.  Plaintiff cannot do so because no such relationship existed.  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *In re Computer Sciences Corp. Derivative Litigation*, 244 F.R.D. 580, 585 (C.D. Cal. 2007).  "[A] plaintiff's obligation to provide the 'grounds' and 'entitlement of relief' requires more than labels and conclusions." *Twombly*, 127 S. Ct. at 1964-65.

California courts have held that two elements of alter-ego status must be alleged in order to invoke the concept of alter ego:

First, there must be such unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist.  Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone.

*Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003).

"Conclusory allegations of 'alter ego' status are insufficient to state a claim.  Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Id.* at 1116 (*citing In re Currency Conversion Fee Antitrust Litigation*, 265 F. Supp. 2d 385, 425 (S.D.N.Y. 2003) ("[P]urely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard."); *Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, 2002 WL 432390, *12 (S.D.N.Y. Mar. 20, 2002) ("[I]n order to overcome the presumption of separateness . . . [plaintiff] is required to plead more specific facts supporting its claims, not mere allegations."); *Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983) ("If plaintiffs wish to pursue [an alter ego] theory of liability, they must

RUSS, AUGUST & KABAT

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

allege the elements of the doctrine. Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient.").

Here, plaintiff merely alleges in conclusory fashion that the defendants satisfy the two elements outlined above for establishing alter-ego status and that the defendants acted as agents and principals of each other throughout the relevant time. (CA Cplt. ¶¶ 6, 16, 18.) However, "a formulaic recitation of the elements of a cause of action will not" defeat a motion to dismiss. *Twombly*, 127 S. Ct. 1964-65. Plaintiff provides no support or foundation for these allegations. "[A] plaintiff's obligation . . . requires more than labels and conclusions" to satisfy its burden. *Twombly*, 127 S. Ct. at 1964-65. Accordingly, they are insufficient to overcome their burden of adequately alleging an agency or alter-ego relationship between the defendants.

Plaintiff has failed to, and cannot, allege facts sufficient to establish a claim for breach of contract against the Wharton defendants. Plaintiffs have not, and cannot, properly allege that Wharton was either a signatory to the agreement, or was principal, agent, or alter-ego of Capitoline when Capitoline executed the Non-Disclosure Agreement. Accordingly, the California Complaint's First Cause of Action should be dismissed as against the Wharton defendants for failure to state a claim upon which relief can be granted.

## C.    In Any Event, Neither Wharton Nor Capitoline Breached the NDA

Even assuming that both Wharton and Capitoline are parties to the NDA, XsunX's allegations against them in this regard are still insufficient to defeat this motion to dismiss. For one, glaringly, XsunX never affirmatively alleges that it transferred any materials to Wharton or to Capitoline pursuant to the NDA. Second, plaintiff fails to identify precisely *what* materials it purportedly transferred under the agreement. XsunX makes no attempt to identify the kinds of documents

11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

and materials it allegedly provided to Wharton or Capitoline.  Third, XsunX does not provide any *date* for the purported disclosure.  XsunX's lack of any detail with regards to the documents it allegedly provided to Wharton or Capitoline results in a pleading that fails to put the defendants on notice of the claims being brought against them.  *Soghomonian v. U.S.* 82 F.Supp.2d 1134, 1149.  As discussed above, in order to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above a speculative level."  *Twombly*, 127 S. Ct. 1964-65.  XsunX fails in this regard.  Accordingly, this Court should dismiss the First Cause of Action.

## II.    THIS CASE SHOULD BE DISMISSED OR STAYED PENDING RESOLUTION OF THE NEW YORK ACTION

Although XsunX filed this California Action prior to Wharton's filing of the New York Action, well-established principles of judicial efficiency counsel that this Court should exercise its discretion to decline jurisdiction over the this case and dismiss it, or at least stay this action, pending resolution of the New York Action.  The record makes plain that XsunX filed the California Action merely to pre-empt any subsequent action filed by Wharton.  Under these circumstances, courts in this Circuit have dispensed with a mechanical application of the "first-to-file" rule and have dismissed or stayed previously-filed actions in favor of those filed subsequently.  Since the declaratory action set forth in the California Complaint was clearly filed in anticipation of Wharton's action for damages in New York, this Court should dismiss or stay the present proceeding, pending resolution of Wharton's New York Action.

### A.    Applicable Law

The well-established "first-to-file" rule permits a district court to transfer, stay, or dismiss an action when a similar complaint has been filed previously in

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

1    another court. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir.

2    1991); *Ward v. Follet Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Nonetheless,

3    a court has the discretion *not* to apply the first-to-file rule where certain equitable

4    circumstances are present. *Alltrade*, 946 F.2d at 628; *Dumas v. Major League*

5    *Baseball Properties,* 52 F. Supp. 2d 1183 (S.D. Cal. 1999); *Ward*, 158 F.R.D. at

6    648; *DeFeo v. Proctor & Gamble Co.*, 831 F.Supp. 776, 779-80 (N.D. Cal. 1993).

7    Those circumstances include bad faith, anticipatory filing, or forum shopping on

8    the part of the first filer. *Alltrade*, 946 F.2d at 628; *Dumas*, 52 F. Supp. 2d at

9    1193-1194; *Ward*, 158 F.R.D. at 648.

10         A suit is considered "anticipatory" where the plaintiff in the first-filed action

11    files suit upon receipt of indications that an action by the opposing party is

12    imminent. *See Dumas*, 52 F. Supp. 2d at 1193-1194; *Ward*, 158 F.R.D. at 648.

13    *See also Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967).

14    In other words, where suit is filed in response to an "intent to sue" letter, courts are

15    particularly likely to find the first-filed suit to be anticipatory in nature, and thus

16    not worthy of priority. *See, e.g., Guthy-Renker Fitness, L.L.C. v. Icon Health &*

17    *Fitness*, 179 F.R.D. 264, 271 (C.D. Cal. 1998); *Dumas*, 52 F. Supp. 2d at 1193;

18    *Ward*, 158 F.R.D. at 648.

19         In *Amerada*, for example, plaintiff filed a suit following receipt of

20    defendant's letter stating that, if plaintiff did not voluntarily submit to jurisdiction

21    in one forum, defendant would sue in another forum. The court found that

22    plaintiff's action was anticipatory, having been "filed by Amerada as the

23    immediate result of the letter inviting it to appear." *Amerada*, 381 F.2d at 663.

24    Such anticipatory suits are disfavored because they are examples of forum

25    shopping. Recognition of this exception to the first-to-file rule seeks to eliminate

26    the race to the courthouse door in an attempt to preempt a later suit in another

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS
WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS
LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

1  forum. *Dumas*, 52 F. Supp. 2d at 1193; *Guthy-Renker*, 179 F.R.D. at 271; *Gribin*

2  *v. Hammer Galleries*, 793 F. Supp. 233, 237 (C.D. Cal. 1992).

3      Where the first-filed action is one for declaratory relief, courts in this Circuit

4  have been particularly eager to dispose of a mechanical application of the first-to-

5  file rule. *See, e.g., Dumas*, 52 F. Supp. 2d at 1193-94; *DeFeo*, 831 F. Supp. at 779-

6  80.  District courts should not entertain a declaratory action where another suit is

7  pending in another state or federal court presenting the same issues, between the

8  same parties. *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1370 (9th

9  Cir. 1991); *Dumas*, 52 F. Supp. 2d at 1193-94; *Gribin*, 793 F. Supp. at 234.

10 Pursuant to this discretion, courts in this Circuit have often held that a declaratory

11 claim should be dismissed where evidence was present to suggest it was filed for

12 purposes of anticipating an action on the same issues in a court of coordinate

13 jurisdiction. *Dumas*, 52 F. Supp. 2d at 1193-94; *DeFeo*, 831 F. Supp. 779-780.

14 The party filing suit in anticipation of suit in another forum should not be rewarded

15 for what amounts to forum shopping. *Dumas*, 52 F. Supp. at 1193-94; *DeFeo*, 831

16 F. Supp. 779-780; *Gribin*, 793 F. Supp. at 237.

**B.    The California Complaint Should Be Dismissed in Favor of
the New York Action**

Here, it is plain that Plaintiff has brought the California Complaint merely to
pre-empt a suit regarding the same issues that it knew would be filed by Wharton
in New York.   As the present action is an anticipatory suit, primarily for
declaratory relief, this case should be dismissed, or, alternatively, stayed, pending
resolution of Wharton's New York Action.

2901-001 P&A MT to Dismiss-Stay.doc

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS
WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS
LLC'S MOTION TO DISMISS OR STAY

RUSS, AUGUST & KABAT

### 1. The New York and California Actions Cover the Same Facts

In a recent public filing with the SEC, XsunX acknowledged that Wharton's New York Action "stem[s] from the same matter" as that of the California Action. *See* Excerpt from Form S-1, attached as Ex. 1. Indeed, both cases seek a judicial declaration regarding the rights of the respective parties in light of the same course of conduct. Both cases seek a judicial determination with respect to whether XsunX owes money to Wharton arising out of the loan that XsunX obtained from Fusion. Wharton seeks to recover funds to which it is due under the parties' agreement and XsunX seeks to avoid paying on its obligation. By any measure, the two suits are duplicative.

### 2. Dismissal of this Anticipatory Action is Appropriate

As set forth above, a district court is well-within its discretion to refuse to entertain a declaratory judgment action where a pending proceeding in another jurisdiction will resolve the issue it its entirety. *See, e.g., Continental Cas. Co.*, 947 F.2d at 1370; *Dumas*, 52 F. Supp. 2d at 1193-94; *Gribin*, 793 F. Supp. at 234. A declaratory action should be dismissed where circumstances suggest that it was filed for the purpose of anticipating trial of the same issues in a court of coordinate jurisdiction. *See, e.g., Dumas*, 52 F. Supp. 2d at 1193-94; *DeFeo*, 831 F. Supp. at 779-80. The circumstances surrounding the filing of this California Action make plain that it was filed anticipatorily by XsunX as an attempt to secure a California forum for adjudication of the underlying controversy between the parties.

From October through December of 2007, Wharton and XsunX engaged in negotiations regarding the amount of compensation to which Wharton was entitled as a result of XsunX's raising capital in the Fusion transaction. (CA Cplt. at ¶¶ 27, 28.) By letter dated December 6, 2007, Wharton informed counsel

15

2901-001 P&A MT to Dismiss-Stay.doc

RUSS, AUGUST & KABAT

1   to XsunX that it was "prepared to turn this matter over to litigation counsel if [the

2   two parties] cannot come to a quick, reasonable settlement of this matter."

3   (Minsky Decl. ¶ 4, Ex. A.)  On December 7, 2007, *one day* after being informed of

4   Wharton's intent to pursue litigation as an avenue for resolving the parties' dispute,

5   XsunX filed the present action.  (*Id.* ¶ 5.)   And XsunX's California Action fails to

6   seek damages, but merely asks for declaratory relief.

7        Not only did XsunX reflexively file this case in response to Wharton's

8   intent to sue letter, but XsunX withheld notification of its filing from Wharton for

9   over one month and did not serve Wharton until after it was notified that

10  Wharton's New York Complaint was already filed.  Moreover, XsunX has still yet

11  to serve its California Complaint on co-defendant Capitoline.

12       These factors lead to the inevitable conclusion that XsunX's filing of

13  the present action was pre-emptory in nature and thus should not be given priority

14  over Wharton's New York Action in a first-to-file analysis.  Where circumstances

15  surrounding the filing of an action indicate that the action is anticipatory in nature

16  or otherwise an exercise of forum shopping, courts should use their discretion to

17  not apply the first-to-file rule.  *See, e.g., Dumas*, 52 F. Supp. 2d at 1193-94.

18  "Generally, a suit is anticipatory when the plaintiff files its suit upon receipt of

19  specific, concrete indications that a suit by the defendant was imminent." *Ward*,

20  158 F.R.D. at 648.   *See also Amerada Petroleum*, 381 F.2d at 663.   Here,

21  Wharton's December 6, 2007 letter notified XsunX of Wharton's unequivocal

22  intent to turn the matter over to litigation.

23       XsunX filed its complaint a mere *one day* after receipt of Wharton's

24  December 6, 2007 letter.   Thus, XsunX "filed its suit upon receipt of specific,

25  concrete indications that a suit by [Wharton] was imminent." *Ward*, 158 F.R.D. at

26  648.  Such circumstances present exactly the sort of situation in which exception to

27  the first-to-file rule will be made. *See e.g., Amerada Petroleum*, 381 F.2d at 663.

28

2901-001 P&A MT to Dismiss-Stay.doc

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS
WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS
LLC'S MOTION TO DISMISS OR STAY**

RUSS, AUGUST & KABAT

1    **III.    CONCLUSION**

2         Based on the foregoing, defendants Wharton Capital Partners, Ltd. and

3    Wharton Capital Markets LLC respectfully request that this Court: (1) dismiss the

4    First Cause of Action of the California Complaint pursuant to Federal Rule of Civil

5    Procedure 12(b)(6); (2) dismiss the California Complaint in its entirety in favor of

6    Wharton's New York Action or, alternatively, stay the California Action pending

7    resolution of Wharton's New York Action; and (3) grant such other and further

8    relief as the Court may deem just and proper.

9

10

11   DATED:  February 15, 2008              RUSS, AUGUST & KABAT

12

13                                         By:  _Judith L Meadow_____
                                               Judith L. Meadow
14                                             Attorneys for Defendants
                                               Wharton Capital Partners Ltd.
15                                             and Wharton Capital Markets LLC

16   OLSHAN GRUNDMAN FROME
     ROSENZWEIG & WOLOSKY LLP
17   Jeffrey A. Udell
     Park Avenue Tower
18   65 East 55th Street
     New York, New York 10022
19   Tel.: (212) 451-2300
     Fax: (212) 451-2222
20   E-Mail: judell@olshanlaw.com
     *Of Counsel*

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANTS
WHARTON CAPITAL PARTNERS, LTD.'S AND WHARTON CAPITAL MARKETS
LLC'S MOTION TO DISMISS OR STAY**

# EXHIBIT 1

S-1 1 v100169_s1.htm

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, DC 20549

FORM S-1

REGISTRATION STATEMENT
UNDER THE SECURITIES ACT OF 1933

# XSUNX, INC.

(Exact Name of Issuer in Its Charter)

| Colorado | 3081 | 84-1384159 |
|---|---|---|
| (State of Incorporation) | (Primary Standard Classification Code) | (I.R.S. Employer Identification Number) |

65 Enterprise
Aliso Viejo, CA 92656
(949) 330-8060

(Address and Telephone Number of Registrant's Principal
Executive Offices and Principal Place of Business)

Tom Djokovich, President
65 Enterprise
Aliso Viejo, CA 92656
(949) 330-8060

(Name, Address and Telephone Number of Agent for Service)

*Copies of communications to:*

| Clayton E. Parker, Esq. | Matthew Ogurick, Esq. |
|---|---|
| Kirkpatrick & Lockhart Preston Gates Ellis LLP | Kirkpatrick & Lockhart Preston Gates Ellis L |
| 201 S. Biscayne Boulevard, Suite 2000 | 201 S. Biscayne Boulevard, Suite 2000 |
| Miami, Florida 33131 | Miami, Florida 33131 |
| Telephone: (305) 539-3300 | Telephone: (305) 539-3300 |
| Telecopier: (305) 358-7095 | Telecopier: (305) 358-7095 |

**Approximate date of commencement of proposed sale to the public:** As soon as practicable after this Registration

## LEGAL PROCEEDINGS

In the ordinary conduct of our business, we are subject to periodic lawsuits, investigations and claims, including, but not limited to, routine employment matters. Although we cannot predict with certainty the ultimate resolution of lawsuits, investigations and claims asserted against us, we are currently not aware of nor have any knowledge of any legal proceeding claims that we believe will have, individually or in the aggregate, a material adverse affect on our business, financial condit or operating results.

Effective March 23, 2007 XsunX entered into a binding letter of intent ("LOI") with a manufacturer (the "Seller") of photovoltaic products for the purchase of certain net assets of the manufacturer for the amount of five million dollars ($5,000,000) USD in a cash transaction. On or about April 27, 2007 the Company was notified by the Seller of a change in direction and decision not to complete the sale of assets under the LOI agreement. XsunX filed a complaint ("Lawsuit") aga the Seller and related entities in the United States District Court for the District of Massachusetts on May 10th, 2007, allegi breach of contract and other claims. On August 23, 2007 the Seller and XsunX entered into a settlement agreement ("Settlement"). The Settlement became effective upon the transfer by the Seller to XsunX of one million one hundred thous dollars USD ($1,100,000) on August 27, 2007. Upon the effectiveness of the Settlement counsel for each of the parties file the United States District Court for the District of Massachusetts a Stipulation of Dismissal with Prejudice thereby dismissi the Lawsuit with prejudice. Each of the parties has unconditionally and irrevocably released, waived, and forever discharge each other from claims related to the LOI and the Lawsuit.

In December 2006, the Company entered into a settlement agreement with a service provider in which the service provi returned to the Company 150,000 of the 300,000 shares of common stock issued to the service provider in the period ended March 31, 2005. The shares were originally issued in a transaction exempt from registration pursuant to Section 4(2) of the Securities Act of 1933. The returned shares were received and cancelled effective January 2007. As a result of the return an cancellation of these shares, the Company recorded a credit to expenses in the amount of $12,000 and a debit to paid in cap $12,000 for the period ending March 31, 2007.The $12,000 represents one half of the monetary value expensed by the Com in the period in which the shares were issued.

On December 7, 2007, the Company filed an action for breach of contract and declaratory relief in the Superior Court o Orange County, California, against Wharton Capital Partners, Ltd, Wharton Capital Markets LLC, and Capitoline Financial Group LLC. The action is captioned *XsunX, Inc. v. Wharton Capital Partners Ltd, et al.*, and is pending in the above Court case no. 07CC12772 ("XsunX Action"). The XsunX Action was brought to seek a court determination that the Company do not owe any fees to the above defendants by reason of the Fusion Capital transaction. The XsunX Action also seeks return o confidential materials from the above defendants. On January 3, 2008, Wharton Capital Partners, Ltd, and Wharton Capital Markets LLC, filed an action in the U.S. District Court for the Southern District of New York against the Company stemmi from the same matter. That action is captioned *Wharton Capital Partners Ltd, and Wharton Capital Markets LLC v. XsunX*, and is pending in the above Court as case no. 080CV0056 ("Wharton Action"). The Wharton Action seeks fees in an amou equal to 7% of the gross proceeds received by the Company under the Fusion financing agreement. The Company asserts th fees are owed to Wharton Capital Partners, Ltd, Wharton Capital Markets LLC, or Capitoline Financial Group LLC. The Company intends to vigorously prosecute the XsunX Action and to vigorously defend the Wharton Action.

18

TABLE OF CONTENTS

## DIRECTORS, EXECUTIVE OFFICERS, PROMOTERS AND CONTROL PERSONS

The following table lists the executive offices and directors of the Company as of January 17, 2008:

| Name | Age | Position Held | Tenure |
| --- | --- | --- | --- |
| Tom Djokovich | 50 | President, CEO, Director | Since October 2003 |
| Joseph Grimes | 50 | COO | Since April 2006 |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per General Order No. 07-08 Section III.C on February 15, 2008.  Any other counsel of record will be served via First Class U.S. Mail on this same date.

By:  /s/ Judith L. Meadow

Service by U.S. mail to:

William A. Floratos, Esq.
FLORATOS, LOLL & DEVINE
A Professional Law Corporation
18881 Von Karman, #220
Irvine, CA  96 212

*Attorney for Plaintiff XSUNX, INC.*

RUSS, AUGUST & KABAT
Judith L. Meadow, State Bar No. 089665
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
E-mail: jmeadow@raklaw.com

Attorneys for Defendants
WHARTON CAPITAL PARTNERS LTD.
and WHARTON CAPITAL MARKETS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| XSUNX, INC., a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>WHARTON CAPITAL PARTNERS, LTD., a New York corporation; WHARTON CAPITAL MARKETS LLC, a New York limited liability company; CAPITOLINE FINANCIAL GROUP LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. SACV08-00156 (AG (ANx)<br><br>[Assigned to The Honorable Andrew Guilford]<br><br>**NOTICE OF LODGING OF [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR STAY**<br><br>**Hearing**<br>Date: March 10, 2008<br>Time: 10:00 a.m.<br>Ctrm: 10D |

RUSS, AUGUST & KABAT

2901-001 080215 NT of Lodging

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that pursuant to General Order No. 07-08, Defendants Wharton Capital Partners Ltd. and Wharton Capital Markets LLC hereby lodge with the Court their [Proposed] Order Granting Defendants' Motion to Dismiss or Stay, attached hereto as Exhibit A.

DATED: February 15, 2008                    RUSS, AUGUST & KABAT

By: _Judith L. Meadow_
    Judith L. Meadow
    Attorneys for Defendants
    Wharton Capital Partners Ltd.
    and Wharton Capital Markets LLC

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Jeffrey A. Udell
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Tel.: (212) 451-2300
Fax: (212) 451-2222
E-Mail: judell@olshanlaw.com
*Of Counsel*

2901-001 080215 NT of Lodging

2

NOTICE OF LODGING OF [PROPOSED] ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS OR STAY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per General Order No. 07-08 Section III.C on February 15, 2008. Any other counsel of record will be served via First Class U.S. Mail on this same date.

By:   /s/ Judith L. Meadow

Service by U.S. mail to:

William A. Floratos, Esq.
FLORATOS, LOLL & DEVINE
A Professional Law Corporation
18881 Von Karman, #220
Irvine, CA  96 212

*Attorney for Plaintiff XSUNX, INC.*

2901-001 Certificate of Service

RUSS, AUGUST & KABAT
Judith L. Meadow, State Bar No. 089665
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
E-mail: jmeadow@raklaw.com

Attorneys for Defendants
WHARTON CAPITAL PARTNERS LTD.
and WHARTON CAPITAL MARKETS LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| XSUNX, INC., a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>WHARTON CAPITAL PARTNERS, LTD., a New York corporation; WHARTON CAPITAL MARKETS LLC, a New York limited liability company; CAPITOLINE FINANCIAL GROUP LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. SACV08-00156 (AG (ANx)<br><br>[Assigned to The Honorable Andrew Guilford]<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR STAY**<br><br>**Hearing**<br>Date: March 10, 2008<br>Time: 10:00 a.m.<br>Ctrm: 10D |

The Motion of Defendants Wharton Capital Partners, Ltd. and Wharton Capital Markets LLC's to dismiss or stay properly came before the Court on March 10, 2008. The Court, having read and considered all the papers filed in support of and in opposition to the motion, and after considering the arguments by all parties, hereby GRANTS Defendants' Motion to Dismiss;

    or alternatively,

PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR STAY

RUSS, AUGUST & KABAT

1    GRANTS Defendants' Motion to Stay.

2    IT IS THEREFORE ORDERED:

3    Defendants Wharton Capital Partners, Ltd. and Wharton Capital Markets

4    LLC's motion to dismiss the action is hereby granted;

5         or

6    Defendants Wharton Capital Partners, Ltd. and Wharton Capital Markets

7    LLC's motion to stay the action pending resolution of the case of Wharton Capital

8    Partners, Ltd. v. XsunX in the United States District Court for the Southern District

9    of New York, Civil Action No. 08CV 0056.

10

11

12    DATED: _____, 2008    _____
                                      Honorable Andrew Guilford
13                                    UNITED STATES DISTRICT JUDGE

14

15    Presented on February 15, 2008 by:

16    RUSS AUGUST & KABAT
      Judith L. Meadow
17

18

19

20    By:    /s/ Judith L. Meadow
                   Judith L. Meadow
21    Attorneys for Defendants Wharton Capital Partners, Ltd
      and Wharton Capital Markets LLC
22

23

24    OLSHAN GRUNDMAN FROME
      ROSENZWEIG & WOLOSKY LLP
25    Jeffrey A. Udell
      Park Avenue Tower
26    65 East 55th Street
      New York, New York 10022
27    Tel.: (212) 451-2300
      Fax: (212) 451-2222
28    E-Mail: judell@olshanlaw.com
      *Of Counsel*

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR STAY

RUSS, AUGUST & KABAT

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per General Order No. 07-08 Section III.C on February 15, 2008. Any other counsel of record will be served via First Class U.S. Mail on this same date.

By: _/s/ Judith L. Meadow_____

Service by U.S. mail to:

William A. Floratos, Esq.
FLORATOS, LOLL & DEVINE
A Professional Law Corporation
18881 Von Karman, #220
Irvine, CA  96 212

*Attorney for Plaintiff XSUNX, INC.*

2901-001 Certificate of Service

1   RUSS, AUGUST & KABAT
    Judith L. Meadow, State Bar No. 089665
2   12424 Wilshire Boulevard, 12th Floor
    Los Angeles, California 90025
3   Telephone: (310) 826-7474
    Facsimile: (310) 826-6991
4   E-mail: jmeadow@raklaw.com

5   Attorneys for Defendants
    WHARTON CAPITAL PARTNERS LTD.
6   and WHARTON CAPITAL MARKETS LLC

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          SOUTHERN DIVISION

11

12  XSUNX, INC., a Colorado corporation,    Case No. SACV08-00156 (AG (ANx)

13                 Plaintiff,                [Assigned to The Honorable Andrew
                                             Guilford]
14        v.
                                             **STIPULATION TO TRANSFER OF
15                                           ACTION TO SOUTHERN
                                             DISTRICT OF NEW YORK AND
16  WHARTON CAPITAL PARTNERS,                [PROPOSED] ORDER**
    LTD., a New York corporation;
17  WHARTON CAPITAL MARKETS
    LLC, a New York limited liability
18  company; CAPITOLINE FINANCIAL
    GROUP LLC, a Delaware corporation;
19  and DOES 1 through 50,
    inclusive,
20
21                 Defendants.
22
23
24
25
26
27
28

2901-001 080221 Stip to Transfer

STIPULATION TO TRANSFER TO SOUTHERN DISTRICT OF NEW YORK AND
[PROPOSED] ORDER

1    IT IS HEREBY STIPULATED by and between Defendants Wharton Capital

2  Partners Ltd. and Wharton Capital Markets LLC and Plaintiff XsunX, Inc., through

3  their respective attorneys of record, as follows:

4        1.    This action shall be transferred to the United States District Court for

5  the Southern District of New York and consolidated with the action entitled

6  *Wharton Capital Partners Ltd. and Wharton Capital Markets LLC, Plaintiffs, vs.*

7  *XsunX, Inc., Defendant*, Civil Action No. 08 CV 0056, now pending before Judge

8  Sydney H. Stein.

9        2.    The Motion to Dismiss or Stay filed by Wharton Capital Partners Ltd.

10  and Wharton Capital Markets LLC shall be withdrawn, without prejudice.

11     IT IS SO STIPULATED:

12  DATED: February 21, 2008          FLORATOS, LOLL & DEVINE

13

14

15                                By: _____
                                      William A. Florator
16                                    Attorneys for Plaintiff
                                      XsunX, Inc.
17

18  DATED: February 21, 2008          RUSS, AUGUST & KABAT

19

20                                By: _____
                                      Judith L. Meadow
21                                    Attorneys for Defendants
                                      Wharton Capital Partners Ltd.
22                                    and Wharton Capital Markets LLC

23  OLSHAN GRUNDMAN FROME
    ROSENZWEIG & WOLOSKY LLP
24  Jeffrey A. Udell
    Park Avenue Tower
25  65 East 55th Street
    New York, New York 10022
26  Tel.: (212) 451-2300
    Fax: (212) 451-2222
27  E-Mail: judell@olshanlaw.com
    *Of Counsel*

28

2901-001%20080221%20Stip%20to%231A59C04[1].doc

2

STIPULATION TO TRANSFER TO SOUTHERN DISTRICT OF NEW YORK AND
[PROPOSED] ORDER

RUSS, AUGUST & KABAT

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per General Order No. 07-08 Section III.C on February 22, 2008. Any other counsel of record will be served via First Class U.S. Mail on this same date.

By: /s/ Judith L. Meadow

Service by U.S. mail to:

William A. Floratos, Esq.
FLORATOS, LOLL & DEVINE
A Professional Law Corporation
18881 Von Karman, #220
Irvine, CA 96 212

*Attorney for Plaintiff XSUNX, INC.*

2901-001 Certificate of Service

1   RUSS, AUGUST & KABAT
2   Judith L. Meadow, State Bar No. 089665
    12424 Wilshire Boulevard, 12ᵗʰ Floor
3   Los Angeles, California 90025
    Telephone: (310) 826-7474
4   Facsimile: (310) 826-6991
    E-mail: jmeadow@raklaw.com

5   Attorneys for Defendants
    WHARTON CAPITAL PARTNERS LTD.
6   and WHARTON CAPITAL MARKETS LLC

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                      SOUTHERN DIVISION

11

| 12 | XSUNX, INC., a Colorado corporation, | Case No. SACV08-00156 (AG (ANx) |
|---|---|---|
| 13 | Plaintiff, | [Assigned to The Honorable Andrew Guilford] |
| 14 | v. | |
| 15 | | **[PROPOSED] ORDER ON STIPULATION TO TRANSFER OF ACTION TO SOUTHERN DISTRICT OF NEW YORK** |
| 16 | WHARTON CAPITAL PARTNERS, LTD., a New York corporation; | |
| 17 | WHARTON CAPITAL MARKETS | |
| 18 | LLC, a New York limited liability | |
| 19 | company; CAPITOLINE FINANCIAL GROUP LLC, a Delaware corporation; | |
| 20 | and DOES 1 through 50, | |
| 21 | inclusive, | |
| 22 | Defendants. | |

23

24       Pursuant to the Stipulation of the Parties, IT IS HEREBY ORDERED that

25   this action shall be transferred to the United States District Court for the Southern

26   District of New York and consolidated with the action entitled *Wharton Capital*

27   *Partners Ltd. and Wharton Capital Markets LLC, Plaintiffs, vs. XsunX, Inc.,*

28   *Defendant*, Civil Action No. 08 CV 0056, now pending before Judge Sydney H.

2901-001 080221 Prop Order

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1  Stein, and the Motion to Dismiss or Stay filed by Wharton Capital Partners Ltd.

2  and Wharton Capital Markets LLC shall be deemed withdrawn, without prejudice.

3

4  DATED: _____, 2008

5  $\overline{\text{Honorable Andrew Guilford}}$
   UNITED STATES DISTRICT JUDGE

6

7  Presented on February 22, 2008 by:

8  RUSS AUGUST & KABAT
   Judith L. Meadow

9

10

11  By:  /s/ Judith L. Meadow
        Judith L. Meadow
12      Attorneys for Defendants
        Wharton Capital Partners, Ltd
13      and Wharton Capital Markets LLC

14  OLSHAN GRUNDMAN FROME
    ROSENZWEIG & WOLOSKY LLP
15  Jeffrey A. Udell
    Park Avenue Tower
16  65 East 55th Street
    New York, New York 10022
17  Tel.: (212) 451-2300
    Fax: (212) 451-2222
18  E-Mail: judell@olshanlaw.com
    *Of Counsel*
19

20

21

22

23

24

25

26

27

28

2901-001 080221 Prop Order

2

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per General Order No. 07-08 Section III.C on February 22, 2008.  Any other counsel of record will be served via First Class U.S. Mail on this same date.

By:   /s/ Judith L. Meadow

Service by U.S. mail to:

William A. Floratos, Esq.
FLORATOS, LOLL & DEVINE
A Professional Law Corporation
18881 Von Karman, #220
Irvine, CA  96  212

*Attorney for Plaintiff XSUNX, INC.*

2901-001 Certificate of Service

1  RUSS, AUGUST & KABAT
   Judith L. Meadow, State Bar No. 089665
2  12424 Wilshire Boulevard, 12th Floor
   Los Angeles, California  90025
3  Telephone:   (310) 826-7474
   Facsimile:  (310) 826-6991
4  E-mail: jmeadow@raklaw.com

JS-6

5  Attorneys for Defendants
   WHARTON CAPITAL PARTNERS LTD.
6  and WHARTON CAPITAL MARKETS LLC

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11

| 12 | XSUNX, INC., a Colorado corporation, | Case No. SACV08-156-AG(ANx) |
|----|--------------------------------------|------------------------------|
| 13 | | [Assigned to The Honorable Andrew Guilford] |
| 14 | Plaintiff, | |
| 15 | v. | **ORDER ON STIPULATION TO TRANSFER OF ACTION TO SOUTHERN DISTRICT OF NEW YORK** |
| 16 | WHARTON CAPITAL PARTNERS, | |
| 17 | LTD., a New York corporation; | |
| 18 | WHARTON CAPITAL MARKETS LLC, a New York limited liability | |
| 19 | company; CAPITOLINE FINANCIAL | |
| 20 | GROUP LLC, a Delaware corporation; and DOES 1 through 50, | |
| 21 | inclusive, | |
| 22 | Defendants. | |

23

24      Pursuant to the Stipulation of the Parties, IT IS HEREBY ORDERED that

25  this action shall be transferred to the United States District Court for the Southern

26  District of New York.  This Court does not order, but counsel stipulate that this

27  action should be consolidated with the action entitled *Wharton Capital Partners*

28  *Ltd. and Wharton Capital Markets LLC, Plaintiffs, vs. XsunX, Inc., Defendant,*

~2824851.doc

RUSS, AUGUST & KABAT

1    Civil Action No. 08 CV 0056, now pending before Judge Sydney H. Stein.   The

2    Motion to Dismiss or Stay filed in this matter by Wharton Capital Partners Ltd. and

3    Wharton Capital Markets LLC shall be deemed withdrawn, without prejudice.

4

5    DATED: February 26, 2008

6                                          _____
                                           Honorable Andrew Guilford
7                                          UNITED STATES DISTRICT JUDGE

8    Presented on February 22, 2008 by:

9    RUSS AUGUST & KABAT
     Judith L. Meadow
10

11

12   By:    /s/ Judith L. Meadow
            _____
            Judith L. Meadow
13          Attorneys for Defendants
            Wharton Capital Partners, Ltd
14          and Wharton Capital Markets LLC

15   OLSHAN GRUNDMAN FROME
     ROSENZWEIG & WOLOSKY LLP
16   Jeffrey A. Udell
     Park Avenue Tower
17   65 East 55th Street
     New York, New York 10022
18   Tel.: (212) 451-2300
     Fax: (212) 451-2222
19   E-Mail: judell@olshanlaw.com
     *Of Counsel*
20

21

22

23

24

25

26

27

28

~2824851.doc

                                     2
         [PROPOSED] ORDER ON STIPULATION TO TRANSFER OF
             ACTION TO SOUTHERN DISTRICT OF NEW YORK

RUSS, AUGUST & KABAT



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

Re:   Transfer of our Civil Case No. _____

       Case Title: _____

Dear Sir/Madam:

       An order having been made transferring the above-numbered case to your district, we are
transmitting herewith our entire original file in the action, together with certified copies of the order and
the docket.  Please acknowledge receipt of same and indicate below the case number you have assigned
to this matter on the enclosed copy of this letter and return it to our office.  Thank you for your
cooperation.

                                    Very truly yours,

                                    Clerk, U.S. District Court

                                    By   R. LA CHAPELLE
                                         _____
                                         Deputy Clerk

cc:   All counsel of record

=================================================================================

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case
number CV: _____.

                                    Clerk, U.S. District Court

                                    By   _____
                                         Deputy Clerk

CV-22 (01/01)                    **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**